IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **JAVIER GAMEZ-RANGEL**, <br><br> Defendant. | Case No. 3:19-cr-00361-IM <br><br> **ORDER** |

**IMMERGUT, District Judge.**

      This case is before this Court on Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF 425. Defendant was charged and convicted of Conspiracy to Possess with Intent to Distribute and to Distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine. ECF 1 at 1–3; ECF 352. Although Defendant faced a mandatory minimum sentence of 120 months in custody, and an advisory guideline range of 120 to 135 months in custody, on January 31, 2022 this Court sentenced Defendant to the custody of the Federal Bureau of Prisons for 65 months imprisonment, to be

PAGE 1 – ORDER

followed by three years of supervised release. ECF 384. The sentence imposed by this Court was based in part on variances and departures recommended by the parties as part of their plea negotiations. Included among the factors that this Court considered at sentencing were Defendant's various health issues. On March 14, 2022, Defendant filed the instant motion seeking to reduce his sentence to time-served "so he may address his various health and immigration concerns." ECF 425 at 1. Defendant does not supply any information in his motion that he has exhausted his administrative remedies before filing this motion.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, under 18 U.S.C. § 3582(c)(1)(A), courts may "reduce [an inmate's] term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)" where "extraordinary and compelling reasons warrant" reduction, or the prisoner's age and other factors make release appropriate. 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A) now authorizes a district court to reduce a defendant's sentence either (1) upon motion by the Director of the BOP or (2) upon motion of the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

Where this exhaustion requirement is met and a defendant is seeking a sentence reduction under § 3582(c)(1)(A)(i), a court may grant the motion if it finds that (1) "extraordinary and compelling reasons warrant such a reduction" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). If the court finds that both criteria have been met, the court must consider the factors set forth in

18 U.S.C. § 3553(a) to the extent that they are applicable. *Id.* The defendant bears the burden of proof to show that he is eligible for a sentence reduction and that the reduction is appropriate. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Holden*, 3:13-cr-00444-BR, 2020 WL 1673440, at *3 (D. Or. Apr. 6, 2020). Even if there are extraordinary and compelling reasons, the grant of a motion for compassionate release is in the sentencing court's discretion. *United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020); *United States v. Webster*¸ No. 3:91cr138 (DJN), 2020 WL 618828, at *5 (E.D. Va. Feb. 10, 2020).

      Defendant has failed to exhaust his administrative remedies with the Bureau of Prisons prior to seeking release from this Court. Moreover, Defendant has failed to establish the presence of extraordinary and compelling circumstances sufficient to warrant release. In arriving at the significant reduction from the mandatory minimum sentence Defendant faced, this Court thoroughly considered health issues and balanced those against other sentencing factors such as the nature and circumstances of the offense and the need for deterrence, among other factors. Defendant has failed to show that a reduction in his sentence is warranted. Accordingly, Defendant's Motion is DENIED.

      **IT IS SO ORDERED.**

      DATED this 3rd day of May, 2022.

                                                        /s/ Karin J. Immergut
                                                         Karin J. Immergut
                                                        United States District Judge