IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **JAVIER GAMEZ-RANGEL**, <br><br> Defendant. | Case No. 3:19-cr-00361-IM-5 <br><br> **OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION** |

Natalie K. Wight, United States Attorney, and Sarah Barr, Assistant United States Attorney, U.S. Attorney's Office, 1000 SW Third Ave., Suite 600, Portland, OR 97204. Attorneys for the Government.

Javier Gamez-Rangel, USM #81537-065, FCI Forrest City Low, PO Box 9000, Forrest City, AR 72336. Pro se.

**IMMERGUT, District Judge.**

Before this Court is Defendant Javier Gamez-Rangel's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) ("Mot."), ECF 582. Defendant argues that he is entitled to a two-offense-level sentence reduction based on the U.S. Sentencing Commission's recent addition of § 4C1.1 to the Sentencing Guidelines, which retroactively applies to certain offenders who had zero criminal history points at the time of their sentencing. *Id.* at 1–3. The Government opposes

PAGE 1 – OPINION AND ORDER DENYING MOTION FOR SENTENCE REDUCTION

the Motion. Response to Defendant's Motion ("USA Resp."), ECF 587. It argues that Defendant is ineligible for a sentence reduction under § 3582(c)(2) and § 4C1.1 for two independent reasons: he (1) possessed a firearm in connection with his offense and (2) was sentenced "based on" a statutory minimum, not the Sentencing Guidelines. *Id.* at 4–6. This Court agrees with the Government on both points and DENIES Defendant's Motion for Sentence Reduction, ECF 582.

## LEGAL STANDARDS

18 U.S.C. § 3582(c)(2) "provides for the modification of a term of imprisonment by giving courts the power to reduce an otherwise final sentence in circumstances specified by the Commission." *United States v. Brito*, 868 F.3d 875, 879 (9th Cir. 2017) (brackets, citation, and internal quotation marks omitted)). In full, it states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Under § 3582(c)(2), a district court must engage in two steps to decide whether to grant a requested reduction. First, the court must determine whether the defendant is eligible for a sentence reduction under § 3582(c)(2) and the Sentencing Commission's policy statement in § 1B1.10 of the Sentencing Guidelines. *See Koons v. United States*, 584 U.S. 700, 705–06 (2018); *Brito*, 868 F.3d at 880. Section 1B1.10 explains that a defendant can seek a sentence reduction pursuant to retroactive amendments to the Guidelines, including those contained in § 4C1.1. *See* U.S. Sent'g Guidelines Manual § 1B1.10(d) (U.S. Sent'g Comm'n 2023). At the same time, however, a defendant is ineligible for a sentence reduction if no such amendment is

PAGE 2 – OPINION AND ORDER DENYING MOTION FOR SENTENCE REDUCTION

applicable to the defendant. *See id.* § 1B1.10(a)(2). Second, if the defendant is eligible for a sentence reduction, the court must "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Brito*, 868 F.3d at 880 (citation omitted).

In applying these steps, the court must construe a defendant's pro se motion liberally. *See United States v. Qazi*, 975 F.3d 989, 992–93 (9th Cir. 2020) (citation omitted). Still, it is the defendant's burden to show that he is eligible for a sentence reduction under § 3582(c)(2). *United States v. Sprague*, 135 F.3d 1301, 1306 (9th Cir. 1998).

## BACKGROUND

Defendant pleaded guilty to a single count of Conspiracy to Possess with Intent to Distribute Controlled Substances, to Use a Communication Facility, and to Maintain Drug-Involved Premises, and was sentenced to sixty-five months' imprisonment and three years of supervised release. *See* Judgment & Commitment, ECF 384 at 1. It is undisputed that Defendant had zero criminal history points at the time of his sentencing.

As is relevant here, when Defendant was arrested in his residence, the police found 533.6 gross grams of heroin, 321.5 gross grams of methamphetamine, an unloaded 9mm handgun, and two loaded magazines. Presentence Investigation Report ("PSR"), ECF 375 ¶¶ 34–35. Defendant admitted the handgun was his. *Id.* ¶ 35. He also admitted that he had purchased multiple half-pound to pound quantities of methamphetamine for further distribution. *Id.* ¶ 29. The statutory minimum for Defendant's offense was ten years of imprisonment. *Id.* ¶¶ 70–71; *see* 21 U.S.C. § 841(b)(1)(A)(viii). However, on January 31, 2022, this Court imposed a sentence shorter than the statutory minimum pursuant to 18 U.S.C. § 3553(e). *See* Statement of Reasons, ECF 385 at 1. Defendant is currently serving his sentence at FCI Forrest City Low.

PAGE 3 – OPINION AND ORDER DENYING MOTION FOR SENTENCE REDUCTION

## DISCUSSION

This case concerns only the first step of the § 3582(c)(2) inquiry: whether Defendant is eligible for a sentence reduction. The answer here is in the negative. Even though Defendant had zero criminal history points at the time of his sentencing, he is not eligible for a sentence reduction for two independent reasons. First, he possessed a firearm "in connection" with his offense. Second, he was sentenced "based on" a statutory minimum. Each reason is discussed in turn below.

### A. Defendant Is Ineligible for a Sentence Reduction Because He Possessed a Firearm in Connection with His Offense

For Defendant to be eligible for the retroactive § 4C1.1 sentence reduction, it is not enough that he had zero criminal history points. It must also be the case that, among other things, he "did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with [his] offense." U.S. Sent'g Guidelines Manual § 4C1.1(a)(7).

This phrasing has a well-established meaning in the federal sentencing scheme. In drafting § 4C1.1, the Sentencing Commission was "informed by existing legislation, including the congressionally established criteria for the statutory safety valve at 18 U.S.C. § 3553(f)." U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines 53 (April 27, 2023).[1] 18 U.S.C. § 3553(f)'s language is substantially similar to § 4C1.1(a)(7)'s: Section 3553(f)(2) requires a criminal defendant seeking a safety valve from a statutory minimum to show that he "did not . . . possess a firearm . . . in connection with the offense." Given this similarity in language and the Commission's statements, this Court reads the text of § 4C1.1(a)(7) as having the same

---

[1] https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf (last accessed Jan. 31, 2024)

PAGE 4 – OPINION AND ORDER DENYING MOTION FOR SENTENCE REDUCTION

meaning as the text of § 3553(f)(2). *Cf. United States v. Ferryman*, 444 F.3d 1183, 1186 (9th Cir. 2006) (reading the phrase "in connection with" in 18 U.S.C. § 3553(f)(2) "with reference to the same phrase under" Sentencing Guideline § 2D1.1(b)(1)). Thus, Ninth Circuit precedent interpreting § 3553(f)(2) is dispositive as to the meaning of § 4C1.1(a)(7).

Viewed in this light, § 4C1.1(a)(7) bars Defendant from receiving a sentence reduction. As the Ninth Circuit has recognized, "[f]irearms are known tools of the trade of narcotics dealing because of the danger inherent in that line of work." *United States v. Carrasco*, 257 F.3d 1045, 1048 (9th Cir. 2001) (citation omitted). Accordingly, under both § 3553(f)(2) and § 4C1.1(a)(7), a defendant is deemed to have possessed a firearm "in connection with" a drug conspiracy when the circumstances indicate that he possessed the firearm to protect himself from dangers related to the drug trade and that he lacked a plausible alternate explanation for possessing the firearm. *Ferryman*, 44 F.3d at 1186; *see United States v. Suarez*, 655 F. App'x 549, 550–51 (9th Cir. 2016) (similar); *United States v. Fernandez*, 526 F.3d 1247, 1252–53 (9th Cir. 2008) (similar). Here, Defendant kept a firearm and two loaded magazines in his residence where he also stored heroin and methamphetamine for further distribution. Thus, under the circumstances, Defendant possessed a firearm to protect himself from the harms inherent in the drug trade—that is, "in connection" with his offense of Conspiracy with Intent to Distribute. Indeed, Defendant seemingly recognized this fact when he acknowledged in his plea agreement that he did not meet the safety valve criteria under § 3553(f). *See* Plea Agreement, ECF 350 at 3. This Court also recognized this fact when it left the "statutory safety valve" box unchecked in its Statement of Reasons for Defendant's sentence. *See* Statement of Reasons, ECF 385 at 1.

In sum, because Defendant possessed a firearm "in connection" with his offense, he is not eligible for a retroactive sentence reduction under § 4C1.1.

## B. Defendant Is Ineligible for a Sentence Reduction Because He Was Sentenced Pursuant to a Statutory Minimum

Apart from his possession of a firearm, Defendant is also ineligible for a sentence reduction because he was sentenced pursuant to a statutory minimum and 18 U.S.C. § 3553(e). When sentences are "'based on' . . . mandatory minimums and on . . . substantial assistance to the Government [under § 3553(e)]," they are not eligible for reduction under § 3582(c)(2). *Koons*, 584 U.S. at 702.

That is precisely the case here. Although Defendant's calculated guideline range was 108 months to 153 months, Defendant's offense carried a ten-year statutory minimum sentence, and accordingly, his guideline range was adjusted to 120 months to 135 months. PSR, ECF 375 ¶¶ 70–71; *see* U.S. Sent'g Guidelines Manual § 5G1.1(c)(2). Following this adjustment, this Court imposed a sentence shorter than the mandatory statutory minimum pursuant to 18 U.S.C. § 3553(e). *See* Statement of Reasons, ECF 385 at 1. Thus, under *Koons*, Defendant's sentence was "based on" the statutory minimums and substantial assistance under § 3553(e), not the Sentencing Guidelines. Defendant is therefore ineligible for a sentence reduction.

## CONCLUSION

For the two independent reasons discussed above, Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and § 4C1.1 of the Sentencing Guidelines. Defendant's Motion for Sentence Reduction, ECF 582, is DENIED.

**IT IS SO ORDERED.**

DATED this 31st day of January, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge